Dear Mr. Conner and Ms. Gordon:
This office is in receipt of Mr. Conner's request for an opinion of this office, and Ms. Gordon's follow up letter amending same, regarding the legality of the Parish making retroactive payments of Medicare premiums on behalf of certain Parish employees.
It is our understanding that effective October 1, 1978 the Plaquemines Parish Government elected, in accordance with federal law, to terminate Social Security coverage for its employees. The Parish consequently ceased paying Medicare taxes on behalf of its employees at that time. Since 1986, however, federal law has provided that state and local government employees hired (or rehired) after March 31, 1986 are subject to mandatory Medicare coverage. Accordingly, employees who have been continually employed by Plaquemines Parish since on or before March 31, 1986 are not Medicare participants (hereinafter sometimes referred to as "affected employee(s)"), even though employees employed after that date are subject to Medicare coverage.
It should also be noted that since 1986, Plaquemines Parish has had the option to seek a referendum election whereby a majority of affected employees could have voted on whether or not all affected employees (i.e., those continuously employed before April 1, 1986) should become Medicare participants. However, the Parish never sought to hold such a referendum, or notified its employees that the Parish had an option to call for such a referendum. As a result, no employee hired before April 1, 1986 and continuously employed by the Parish has received or been required to pay premiums for Medicare coverage.
Recent federal and state legislation[1] now gives Plaquemines Parish and other political subdivisions the option to seek what is referred to as a "divided vote referendum". A divided vote referendum can be called to allow each affected employee the ability to determine, on an individual basis, if he or she would like to begin making Medicare payments and obtain Medicare coverage.
You advise that Plaquemines Parish would like to hold a divided vote referendum and thereby provide affected employees with the option, on an individual basis, to obtain Medicare coverage. As currently contemplated, the referendum will provide that the election of Medicare coverage will be retroactive back to January 1, 2003, which will require payment of a lump sum, for back premiums, by or on behalf of those affected employees who opt to begin Medicare coverage.[2] It is the payment of the lump sum for back premiums that gives rise to your request. The specific questions presented by the Plaquemines Parish Government with respect to the lump sum are:
 1. Can the Plaquemines Parish Government pay the employer and/or employee portion of the lump sum due for back premiums on behalf of those affected employees who elect Medicare coverage, thereby providing those affected employees with coverage retroactive to January 1, 2003?
 2. Does the Plaquemines Parish Government now have a legal duty to pay the back premiums of affected employees, in light of the fact that Plaquemines Parish did not previously (i.e. before the 2004 changes to federal and state law) call for a referendum for blanket Medicare coverage of all affected employees, or notify affected employees that the Parish Government could have called for such a referendum?
 3. Has the Plaquemines Parish Government's failure to previously call for a referendum, or notify affected employees that the Parish Government could have called for a referendum, "constitute a continuing tort creating a legal duty" upon it to pay Medicare premiums, on behalf of affected employees who elect Medicare coverage, retroactively to January 1, 2003?
Your first question must be addressed in light of La. Const. Art.VII, Sec. 14, Section (A) of which generally prohibits the funds, credit, property, or things of value of the state or of any political subdivision from being loaned, pledged or donated to or for any person. In spite of the general prohibition of La. Const. Art. VII, Sec. 14(A), Section (B) thereof pertinently authorizes the "contribution of public funds to pension and insurance programs for the benefit of public employees".
Attorney General's Opinion No 92-485 is pertinent to your request. That opinion, with respect to payment of an employee's prior service retirement credit contributions by a school board, determined that pursuant to statutory authorization, a School Board could pay the employer's portion of additional retirement `time' for prior creditable years service. That opinion also determined that the School Board could not pay the employee's portion, as same would constitute an unconstitutional donation of public funds. Pertinently, that opinion provides:
 "Contributions of public funds to pension and insurance programs for the benefit of public employees, however, must be specifically authorized by law, and must be made in payment of some legal obligation. See City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983). While the employer's portion of the "retirement" contribution is authorized by law and made pursuant to a legal obligation, there is no authority for the employer to pay the employee's portion of the contribution. An employer doing so would violate Article VII, Sec. 14(A). Therefore, payment by the School Board of its portion of the retirement contribution does not violate this Article; however, the School Board may not lawfully pay the employee's portion." (See also: Attorney General's Opinions Nos. 02-13, 00-375, 98-183, 92-485, 80-83).
Act 280 of the 2004 Regular Legislative Session provides the Plaquemines Parish Government the authority to make retroactive payment of the employer portion of affected employees' Medicare premiums retroactively to January 1, 2003. Accordingly, following the reasoning set forth in Attorney General's Opinion No. 92-485 and the prior opinions of this office cited herein, it is the opinion of this office that the Plaquemines Parish Government can pay the employer's portion of the lump sum due for back premiums, on behalf of those affected employees who elect Medicare coverage, and thereby assist those affected employees with obtaining coverage or Medicare eligible "quarters" retroactively to January 1, 2003. It is our further opinion, however, that the Plaquemines Parish Government may not pay the employee portion of affected employees' Medicare premiums, retroactively or otherwise, as such payment would amount to a donation in violation of LA. Const. Art.VII, Sec. 14.
With respect to your second and third questions, please be advised that our research did not reveal any provision of state or federal law which requires or required the Plaquemines Parish Government to call for a referendum for Medicare coverage for affected employees, or to notify affected employees of the Parish Government's option to call for such a referendum. The law merely provides (and provided) local political subdivisions such as Plaquemines Parish with the option to call for such a referendum. Accordingly, it is our opinion that the prior actions or inactions of Plaquemines Parish Government with respect to a referendum neither created a continuing tort, nor imposed a legal duty upon it, to pay the back premiums of affected employees.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
xc: Ms. Linda Yelverton
Office of the State Treasurer
[1] See Act 208 of the 2004 Regular Legislative Session, effective July 2, 2004, and P.L. 108-203 enacted by Congress and signed into law by the President on March 2, 2004.
[2] Act 208 of the 2004 Regular Legislative Session amended and reenacted, among other provisions, LSA-R.S. 42:1011. This statute provides for Medicare coverage for affected employees to be made "retroactive to a date as early as January 1, 2003."